IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JEREMY BOWMAN, #251 184          *

    Plaintiff,                    *

    v.                            *          2:11-CV-401-WHA
                                             (WO)
KIM THOMAS, *et al.*,            *

    Defendants.                   *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed the instant 42 U.S.C. § 1983 action on May 26, 2011. By order filed June 15, 2011 the court directed Plaintiff to submit an inmate account statement reflecting the average monthly balance in his prison account and the average monthly deposits to his account for the 6-month period *immediately* preceding the filing of this complaint. (*Doc. No. 5.*) Plaintiff filed a response to said order on June 28, 2011. (*Doc. No. 6.*) The information contained in Plaintiff's June 28 response was not responsive to the court's June 15 order, thus on June 29, 2011 the court granted Plaintiff another opportunity to submit the appropriate information. (*Doc. No. 7.*) When Plaintiff failed to respond to the June 29 order, the court entered an order on July 21, 2011 directing Plaintiff to show cause why the instant complaint should not be dismissed for his failure to comply with the orders of the court. (*Doc. No. 8.*) Plaintiff filed a response to the show cause order which the court considered as containing a request for additional time to comply wit the court's June 29 order. (*Doc.

*No. 9*.) By order entered August 3, 2011, the court granted Plaintiff an extension to comply with the court's June 29 order making his response due August 17, 2011. (*Doc. No. 10*.) When Plaintiff failed to file a response to the court's August 3 order, the court entered an order on August 26, 2011 granting him an opportunity to show cause on or before September 6, 2011 why his complaint should not be dismissed for his failure to submit a prison account statement from the account clerk at the Draper Correctional Facility as directed by order filed June 29, 2011. (*Doc. No. 11*.) Plaintiff was cautioned that his failure to comply with the August 26 order would result in a Recommendation that his complaint be dismissed. (*Id.*) The requisite time has passed and Plaintiff has not complied with the order of the court. Consequently, the court concludes that dismissal of this case is appropriate for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to comply with the orders of the court and to prosecute this action.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 28, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore,

it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 11th day of October 2011.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE